

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

LAWFORD C. MARTIN
ATTORNEY GENERAL

June 28, 1968

Honorable Henry Wade
District Attorney of Dallas
   County
Dallas County Government Center
Dallas, Texas 75202

Opinion No. M-250

Re: Whether under Articles
1269m and 6252-4a, V.C.S.,
a city fireman, on return-
ing from military leave
prior to the effective
date of Article 6252-4a,
is entitled to credit for
pay purposes for the time
spent in military service.

Dear Mr. Wade:

In your request for an opinion you state the follow-
ing:

". . .

"On November 1, 1965, the Fireman in
question was employed and commenced working
for the City as a fireman. He worked contin-
uously from the date of his employment until
March 16, 1967, on which last mentioned date
he was granted a Military Leave of Absence to
enter the Military Service of the United States,
as provided in Sec. 22a of said Art. 1269m.
After obtaining Leave of Absence, he served
122 days in the Military Service, and after
being discharged therefrom, he duly made ap-
plication for reinstatement and went back to
work as a fireman for the City on August 1,
1967, where he has worked continuously to
this date.

"Under the rules, policies and ordinances
of the City, firemen and policemen whose em-
ployment extends beyond the probationary period
of six months are automatically entitled to an
increase in salary at the end of the first year
of service, and to an additional increase upon
the completion of each year of service there-
after.

"The salary of the Fireman in question

-1213-

was increased in accordance with this policy on November 1, 1966. After completing his Military Service in 1967 and rejoining the Department on August 1, 1967, he anticipated that he would receive his second anniversary increase on or about November 12, 1967, he being of the opinion that the 122 days spent in Military Service should be considered and allowed as credit in determining his next anniversary date.

"The Civil Service Board was of a contrary opinion, and his second anniversary increase was not granted until on or about February 12, 1968.

"Sec. 22a of said Art. 1269m entitled Military Leave of Absence provides in part as follows:

"'Upon being returned to said position, such member shall receive full seniority credit for the time spent in the Military Service.'

"Sec. 3 of Art. 6252-4a provides as follows:

"'Sec. 3. Any person who is restored to a position in accordance herewith shall be considered as having been on furlough or leave of absence during such absence in Federal or State military service, and shall be entitled to participation in retirement or other benefits to which employees of the State of Texas or any political subdivision, state institution, county or municipality thereof, are, or may be, entitled and shall not be discharged from such position without cause within one year after such restoration.'

"The City contends that since the Fireman in question returned to his job on August 1, 1967, and the effective date of Art. 6252-4a was not until August 28, 1967, that the provisions of such Statute are not available to him.

"It is our contention that said Art. 6252-4a is designed to broaden the coverage to other State and Municipal employees which firemen and policemen previously had under the provisions of

Art. 1269m. In addition, said Art. 6252-4a pro-
vided a procedural remedy to enforce his rights
through the office of the District Attorney and
the Courts.

"It is our further position that the Fire-
man in question was entitled, for pay purposes,
to credit for the time which he spent in Military
Service even though Art. 6252-4a had never been
enacted. Thus, if we be right in our opinion,
the question is resolved to whether the term
'full seniority credit' is broad enough to in-
clude credit for time spent in Military Service
as it relates to longevity pay increases. The
only other reason we can conceive at the moment
for such provision would be for retirement pur-
poses, and we believe that the Legislature in
using the term 'full seniority credit' had some-
thing in mind other than retirement. We also
believe that as a matter of Statutory construc-
tion we may look to the provisions of Sec. 3 of
Art. 6252-4a which speaks of 'participation in
retirement or other benefits' in determining
the Legislative intent."

We agree with your liberal interpretation of these
statutes and your conclusions. This office, in Attorney General's
Opinion No. C-679 (1966), in interpreting this type of statute,
". . . noted that the courts of this State have consistently
construed statutes liberally in favor of patriotic service and
are loath to penalize State employees who perform such services
. . .", citing numerous past opinions of this office. It is
the opinion of this department that a city fireman, on return-
ing from military leave prior to the effective date of Article
6252-4a, Vernon's Civil Statutes, is entitled to credit for pay
purposes for the time spent in military service. Such a pro-
cedural and remedial statute is not only construed liberally but
may be applied retroactively. 53 Tex.Jur.2d 53, Statutes, Sec.
29.

## SUMMARY

Under Articles 1269m and 6252-4a, Vernon's
Civil Statutes, a city fireman, on returning
from military leave prior to the effective date
of said Article 6252-4a, is entitled to credit
for pay purposes for the time spent in military
service.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Alan Minter
James Quick
Mark White
Arthur Skibell

A. J. CARUBBI, JR.
Executive Assistant